George Runions, Appellee, v. Albert Kirk et al., Defendants. On appeal of G. Whittier Gale and Mary Elizabeth Trumbull, Appellants.

Gen. No. 22,642.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Reversed and remanded. Opinion filed July 19, 1917.

### Statement of the Case.

Bill by George Runions, complainant, against Albert Kirk, G. Whittier Gale and Mary Elizabeth

Trumbull, defendants, to foreclose a trust deéd which secured a principal note for $6,500 and certain interest coupons of which he was then owner, and cross-bill by defendant Gale, a prior owner of the premises, asking that complainant be enjoined from collecting said interest coupons and from asserting any lien against the premises. From a decree dismissing the cross-bill as without equity, defendants Gale and Trumbull, the present owner of the premises, appeal.

SMIETANKA, JOHNSON & WOLTHROP, for appellants.

GEORGE D. WELLINGTON and ERNEST W. CLARK, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. NOTICE, § 29*—*when purchaser of land put upon inquiry.* The notice of a mortgage afforded by the records puts the purchaser of land on inquiry as to its amount at the time of his purchase.

2. MORTGAGES, § 503*—*when evidence shows that mortgagee did not represent to purchaser that interest coupons were paid.* On a bill to foreclose a real estate mortgage, evidence *held* sufficient to show that the mortgagee did not represent to a purchaser from the mortgagor that certain interest coupons had been paid.

3. MORTGAGES, § 205*—*when mortgagee not estopped from asserting lien for amount due on interest coupons.* On a bill to foreclose a real estate mortgage, evidence *held* sufficient to show that representations by the mortgagee to the purchaser of the land from the mortgagor that certain interest coupons had been paid were insufficient to estop the mortgagee from asserting a lien for the amount due on such coupons.

*See Illinois. Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.