Trumbull v. Gale, 222 Ill. App. 113.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

THOMSON and TAYLOR, JJ., concur.

---

## Mary Elizabeth Trumbull, Appellant, v. Greenleaf Whittier Gale, Appellee.

### Gen. No. 26,047.

1. VENDOR AND PURCHASER—*when unpaid interest on vendor's mortgage recoverable in action for breach of warranty.* Where land was sold under a warranty deed subject to a certain mortgage and the mortgagee brought a suit to foreclose for the principal and for back interest that was due before the conveyance was made, in which suit the grantor intervened and defended unsuccessfully against the claim for interest, and such claim was included in the judgment of foreclosure, the vendee would be entitled, in an action for breach of warranty, in case there was a breach, to recover the amount of such interest claim though she had not actually paid out in money the amount of the claim.

2. VENDOR AND PURCHASER—*when vendor cannot deny, in action for break of warranty, that warranty included interest on mortgage debt.* Where the grantor in a warranty deed of land, subject to a mortgage for a certain amount, intervened in a foreclosure suit against the grantee and unsuccessfully defended against a claim for back interest on the theory that no interest was due, he ought not, in an action upon the warranty, be permitted to stultify himself by saying that the words in the deed stating that it was subject to the mortgage were merely descriptive of the mortgage and did not mean that no interest was due thereon at the time of the conveyance.

3. VENDOR AND PURCHASER—*what claims covered by warranty deed.* One who conveyed premises by a warranty deed reciting that it is subject to a certain incumbrance, thereby warranted the premises to be free and clear from all other claims although the warranty only related to the equity of redemption which he had when he conveyed the premises.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Reversed and remanded with directions. Opinion filed October 5, 1921. Rehearing denied October 19, 1921.

HENRY M. HAGAN, for appellant.

CHARLES P. MOLTHROP, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against defendant to recover damages claimed to have been sustained by her by reason of a breach of a covenant contained in a warranty deed given to her by defendant. A demurrer was sustained to the amended declaration and the suit dismissed at plaintiff's costs, to reverse which plaintiff has prosecuted this appeal.

The question to be decided, therefore, is whether the amended declaration states a cause of action. The allegations of the amended declaration, shortly, are: that on November 4, 1914, the defendant executed and delivered to plaintiff a warranty deed conveying certain premises; that the conveyance was made "subject to an incumbrance of $5,500.00 due September 20, 1915, which the grantee herein assumes and agrees to pay as part of the consideration hereof." It is further alleged that after the execution of the deed, but before it was delivered, defendant stated to plaintiff that all the interest due on the $5,500 incumbrance was paid, and that there was no lien on the property except for the $5,500; that relying upon this statement the plaintiff accepted the deed and paid the consideration for the property. It is further averred that the representations made in this respect were untrue; that at the time of the delivery of the deed there was due and unpaid on the incumbrance of $5,500 back interest

amounting to about $1,000, all of which was unknown to the plaintiff. Also it is alleged that afterwards the owner of the mortgage demanded of plaintiff the $5,500 together with all overdue interest; that upon such demand being made, plaintiff notified the defendant; that afterwards a foreclosure suit was brought in the superior court of Cook county, and plaintiff demanded that defendant keep the warranty contained in the deed; that plaintiff was ready and willing to pay the $5,500, but was unwilling to pay the back interest; that the defendant acknowledged his liability under the warranty deed and intervened in the foreclosure suit to protect his warranty and defended on the ground that at the time of the conveyance of the property by him to plaintiff there was only due the $5,500; that the defense was unavailing and the decree entered in that case was for the full amount claimed which included the back interest, and that an appeal was taken to this court where the decree was affirmed except as to two lots which were inadvertently included in the decree. *Runions v. Kirk,* 207 Ill. App. 225.

Defendant first contends that the judgment of the trial court is correct for the reason that no recovery could be had by plaintiff because the declaration did not aver that plaintiff had redeemed from the foreclosure sale, and it is argued that unless plaintiff had so redeemed or paid the back interest she could not recover since she had suffered no loss. In support of this proposition counsel cites section 175, 15 Corpus Juris (p. 1294), and quotes from this section to the effect that while a grantee with covenants against incumbrances may maintain an action for breach of a covenant, he cannot do so until he has removed the incumbrance. But further on in the same section it is said the ''grantees are not deprived of the right to recover on a covenant against incumbrances because they are not able to redeem the land by paying off the incumbrance, where they exhausted their defenses

against the claim in the courts.'' (See *Seibert v. Bergman* (Tex. Civ. App.), 44 S. W. 872.) In the instant case the record discloses that plaintiff, Mrs. Trumbull, was the defendant in the foreclosure suit and that the complainant there was claiming the back interest on the $5,500; that the defendant Gale was also a defendant in the foreclosure suit, having intervened for the purpose of protecting his warranty, there contending, as the declaration shows, that there was only $5,500 due on the mortgage at the time he conveyed the premises to plaintiff. In the foreclosure suit, however, the court held the defense there made was not sustained and another division of this court affirmed the decree of foreclosure entered in that case. *Runions v. Kirk, supra.* It, therefore, appears that the amount of the interest sought to be recovered in the case before us was included in the foreclosure decree and although Mrs. Trumbull, the plaintiff here, did not actually pay that amount in money, it was included in the decree against her property. In these circumstances, we think upon reason and authority, if there was a breach of warranty, she should be entitled to recover.

Defendant further contends that the paragraph quoted from the warranty deed which stated that the conveyance was made subject to an incumbrance of $5,500 due September 20, 1915, is to be construed as describing and identifying the mortgage and not as meaning that there was no interest due on the $5,500. In support of this the case of *Shanahan v. Perry,* 130 Mass. 460, is cited and it is argued that that case is precisely in point and should be controlling here. That was an action of contract upon a covenant against incumbrances. The deed there, after the description of the premises, contained this clause: '' 'This conveyance is made subject to a mortgage deed of thirty-five hundred dollars from Mary E. Schofield to Seth Clarke of Salisbury, recorded with Middlesex

deeds, South District, lib. 1421, fol. 64'; and a covenant that the premises 'are free from all incumbrances except as aforesaid.' '' Afterwards the mortgagee demanded and obtained of the plaintiff $245 for interest which had accrued on the mortgage before the date of the conveyance. The court there held that no recovery could be had and said (p. 461) : ''The mention in defendant's deed to the plaintiff of an existing mortgage of a certain amount from a certain mortgagor to a certain mortgagee, recorded in a certain book and page in the registry, is only by way of description and identification of that mortgage, which, to the extent of all sums due thereon for principal or interest, is a single incumbrance; and that incumbrance is excepted out of the defendant's covenant.'' If we were construing the language quoted from the deed in question from the words there used only, the *Perry* case would be in point, but in the instant case the parties themselves, by their action in the foreclosure suit, as alleged in the amended declaration here, both construed these words to mean that the defendant warranted the property was incumbered only by $5,500 and that there was no back interest unpaid. In the foreclosure suit the defendant here intervened and defended on this theory, and in these circumstances he ought not now to be permitted to stultify himself and say that these words mean something different from what he contended they meant in the foreclosure suit. The parties themselves put this construction upon the language used, and, in these circumstances, we think the demurrer was improperly sustained.

Counsel for the defendant also argues that the warranty, if any, only related to the equity of redemption which the defendant had when he conveyed the premises. This, of course, is true, but he having conveyed the premises by warranty deed, reciting that it was subject to the incumbrance mentioned thereby, warranted that it was free and clear from all other liens.

The demurrer to the amended declaration should have been overruled.

The judgment of the circuit court of Cook county will, therefore, be reversed and the cause remanded with directions to overrule the demurrer to the amended declaration.

*Reversed and remanded with directions.*

TAYLOR and THOMSON, JJ., concur.